**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-5066**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

KERIEM WRIGHT, a/k/a Minute,

                Defendant - Appellant.

Appeal from the United States District Court for the Northern
District of West Virginia, at Martinsburg.  John Preston Bailey,
Chief District Judge.  (3:07-cr-00041-JPB-DJJ-3)

Submitted:  April 8, 2009          Decided:  April 27, 2009

Before WILKINSON and MICHAEL, Circuit Judges, and HAMILTON,
Senior Circuit Judge.

Affirmed in part; dismissed in part by unpublished per curiam
opinion.

Barry P. Beck, POWER, BECK & MATZUREFF, Martinsburg, West
Virginia, for Appellant.  Thomas Oliver Mucklow, Assistant
United States Attorney, Martinsburg, West Virginia, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Keriem Wright pled guilty to aiding and abetting the distribution of approximately 29.2 grams of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) (2006), and 18 U.S.C. § 2 (2006). The district court sentenced him as a career offender to 188 months, the bottom of the advisory guidelines range. On appeal, counsel has filed an Anders[*] brief, stating that there are no meritorious issues for appeal but questioning whether the district court properly sentenced Wright as a career offender and whether the sentence is reasonable. Wright was informed of his right to file a pro se supplemental brief but has not done so. The Government has moved to dismiss the appeal based upon Wright's waiver of appellate rights. We affirm in part and dismiss in part.

A defendant may waive the right to appeal if that waiver is knowing and intelligent. United States v. Poindexter, 492 F.3d 263, 270 (4th Cir. 2007). Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during the Fed. R. Crim. P. 11 colloquy, the waiver is both valid and enforceable. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005); United States v. Wessells, 936 F.2d 165, 167-68 (4th Cir. 1991). The question of whether a

_____

[*] Anders v. California, 386 U.S. 738 (1967).

2

defendant validly waived his right to appeal is a question of law that we review de novo. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005).

Our review of the record leads us to conclude that Wright knowingly and voluntarily waived the right to appeal his sentence. Moreover, the sentencing issues raised on appeal fall within the scope of the waiver. We therefore grant, in part, the Government's motion to dismiss and dismiss this portion of the appeal.

Although the waiver provision in the plea agreement precludes our review of the sentence, the waiver does not preclude our review of any errors in Wright's conviction that may be revealed by our review pursuant to Anders. Our review of the transcript of the plea colloquy convinces us that the district court fully complied with the mandates of Rule 11 in accepting Wright's guilty plea. The district court ensured that the plea was entered knowingly and voluntarily and was supported by an independent factual basis. See United States v. DeFusco, 949 F.2d 114, 116, 119-20 (4th Cir. 1991). Thus, we deny, in part, the Government's motion to dismiss and affirm the conviction.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues not covered by the waiver. We therefore affirm Wright's conviction

3

and dismiss the appeal of his sentence. This court requires that counsel inform his client, in writing, of the right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART